<u>**Shemeka Rhodes, et al. v. Lee Turner, et al.**</u>, Case No. 2:17-cv-03632-GW-(MRWx)
JUDGMENT

      In the operative Second Amended Complaint ("SAC") herein (Docket No. 50), Plaintiffs Shemeka Rhodes, Lance Pascascio, Aunyae Lewis, Anya Lewis, Andre Lewis, Nyree Lewis, Alicia Lewis, Ahijai Lewis, Brijai Lewis, Charon Christy, and Miyae Christy sued Defendants Lee Turner and Annetta Turner[1] both individually and in their capacity as co-trustees of the Turner Family Trust. The SAC alleged 14 causes of action for: (1) statutory breach of warranty of habitability under Cal. Civ. Code §§ 1941, 1941.1 and 1942.4); (2) tortious breach of implied warranty of habitability; (3) negligence; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; (6) breach of the covenant of quiet enjoyment; (7) violations of the Ralph Civil Rights Act; (8) violations of the Unruh Civil Rights Act; (9) violations of the federal Fair Housing Act, Title VIII of the Civil Rights Act of 1968; (10) nuisance; (11) conversion; (12) economic duress and civil extortion; (13) intentional infliction of emotional distress; and (14) violation of Cal. Bus. & Prof. Code § 17200. *Id.* Federal jurisdiction was claimed on the bases of both diversity (28 U.S.C. § 1332) and federal question (28 U.S.C. § 1331), the latter resting solely on the ninth cause of action. *Id.* at ¶¶ 1-2.

      For the reasons stated in this Court's September 20, 2018 Order Conditionally Granting Motion for Voluntary Dismissal (Docket No. 126), September 28, 2018 Order Granting Motion for Voluntary Dismissal (Docket No. 129), and October 4, 2018 Order on Defendant Lee Turner's Motion for Summary Judgment (Docket No. 130), the Court has ruled that: (1) Plaintiffs' causes of action seven, eight and nine were dismissed with prejudice; (2) complete diversity was lacking in this lawsuit; (3) with the dismissal of the sole federal cause of action (*i.e.* the Federal Fair Housing Act claim), the only continuing basis for this Court's subject matter jurisdiction was the supplemental jurisdiction over the state-law claims provided by 28 U.S.C. § 1367(a); and (4) it declined to exercise supplemental jurisdiction over the remaining state claims and granted Defendant's summary judgment motion solely with respect to the lack of subject matter jurisdiction.

      IT IS ORDERED and ADJUDGED that: (1) the Plaintiffs take nothing as to their seventh, eighth and ninth causes of action and those claims are dismissed with prejudice; (2) the Court having declined to exercise supplemental jurisdiction over the remaining causes of action, it grants Defendant's motion for summary judgment (and dismisses those claims without prejudice) only insofar as it finds that there is no subject matter jurisdiction over those remaining claims; and (3) Defendant is awarded his costs, but only as to the causes of action dismissed with prejudice.

Dated: This 3rd day of December, 2018.

                                                                    GEORGE H. WU
                                                              United States District Judge

---

[1] On June 5, 2018, pursuant to a stipulation of the parties, Annette Turner was dismissed with prejudice as to all of the causes of action. *See* Docket No. 89.